UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLLAND, et al., | ) |
|     Plaintiffs, | ) |
| | )   No. 4:08-CV-707 |
| vs. | ) |
| | ) |
| CITY OF GERALD, MISSOURI, et al., | ) |
|     Defendants. | ) |

MEMORANDUM IN SUPPORT OF MOTION TO QUASH

Comes now, Bill Jakob, by and through counsel, and submits the following memorandum in support of his motion to quash:

I.     The Request is Premature.

Plaintiffs' counsel has not yet submitted a request for attorney's fees. Mr. Herman is under the mistaken impression he is entitled to review the billing statements submitted by all defense counsel in this matter before even crafting his own fee request. To support that claim, Defendant anticipates he will cite an Order from Judge Perry in *Gilbert v. Monstanto*, in which she determined defense attorneys *made their own bills relevant* based on the objections lodged against the fee request already submitted by Plaintiffs' counsel. That Order, to the extent it could ever be applicable here, is clearly not so at this point.

Plaintiffs' counsel performed whatever legal work he performed in bringing this case to trial. Plaintiffs' counsel is surely capable of articulating his own hourly rate as well as the type and amount of services he provided to his clients. Plaintiffs' counsel is not entitled to review defense counsel's bills in order to decide how much work he himself performed before making his request for fees! Until a fee request has been made, defense counsel has nothing to which to object. And until an objection squarely calls into consideration defense counsel's own billing, no

1

precedent nor Order from another District Court would suggest that what Plaintiffs request is appropriate, much less required.

Not only has no application for fees yet been made, but the twenty-eight (28) days period for post-trial motions has not yet passed.  The eventual amount of the judgment in Plaintiffs' favor will have far more bearing on their counsel's fees than will what defense counsel billed for the case.[1]  In short, no request for fees is timely until all post-trial motions have been ruled on and/or the time for filing such motions has passed.  No request for defense counsel's bills (absent Defendant's own request for fees) is timely until Plaintiffs' counsel has submitted his request and an objection to it has been made.

## II.   The request has been made using an unavailable procedural remedy.

The very clear procedure for obtaining documents from another party in litigation is to tender a document request.  The opposing party then has thirty (30) days to produce the requested documents or to apply to the Court for a protective order.  It is not appropriate to short-circuit the discovery process by issuing a subpoena for the desired documents.

## III.   The Plaintiffs are not necessarily ever entitled to the requested information.[2]

Absent their own claims for fees, defense counsel are not likely to ever be required to submit their bills to Plaintiffs.  Of course, it is difficult to know without seeing Mr. Herman's fee request whether it is outrageous, but defense counsel anticipates the primary objection to Mr. Herman's request for fees will be that any fee award must bear some proportion to the result obtained for the client.  Any fee request that is substantially out of step with the actual results

---

[1] Here, Defendant directs this Court's attention to his Motion for Remitter of Punitive Damages, filed substantially simultaneously herewith.

[2] Plaintiffs will, of course, be entitled to the requested documents (though not the deposition) if, as is likely, defense counsel make their own requests for fees.  But unless and until that happens, Plaintiffs are not entitled to the requested information.

reached will warrant objection on those grounds alone.  There is no rule within the Eighth Circuit that defense counsels' bills are always relevant to Plaintiffs' counsel's request for fees.  In the exceedingly unlikely event that this case is one of those rare circumstances, an actual basis for Plaintiffs' request will have to be established.  Certainly, taking a sneak peak at your opponent's poker hand before you place your bet would be a nice way to play the game, but that simply is not how the game is played.

The subpoena as it relates both to the deposition of Defendant's counsel and to the production of documents should be quashed.

Respectfully submitted this 20th day of March, 2012.

MARK ZOOLE & ASSOCIATES

/s/ Renee J. Waters  
Renee J. Waters #61358Mo  
P.O. Box 190549  
St. Louis, MO 63119  
(580) 310-2996  
fax (314) 353-3636  
renee_waters@sbcglobal.net

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was sent electronically to all counsel of record via the Court's electronic filing system on this 20th day of March, 2012.

/s/ Renee J. Waters