UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLLAND, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No.: 4:08-cv-00707-HEA |
| | ) |
| CITY OF GERALD, MISSOURI, ET AL., | ) |
| | ) |
| Defendants. | ) |

## *DEFENDANTS, SCOTT RAMSEY, SHANNON KESTERMONT AND RYAN MCCRARY'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO QUASH SUBPOENA AND NOTICE OF DEPOSITION*

COME NOW Defendants Scott Ramsey, Shannon Kestermont, and Ryan McCrary, (collectively the "Defendants"), by and through their undersigned counsel, and for their Memorandum in Support of Their Motion to Quash Subpoena and Notice of Deposition, state as follows:

The attorney for the Plaintiffs has served a Notice of Deposition and a Subpoena Duces Tecum on the attorneys for the Defendants to attempt to discover by deposition the amount of the fees incurred and the bills for legal services rendered by the attorneys in their defense of this litigation. See Ex. 1, Notice and Subpoena.

This Notice is improper and the request for production of the bills and records of the attorneys for the Defendants that is requested is not the proper subject of discovery in this case. There is no motion or request by any party that pending before the Court for the award of attorney's fees. Any relevancy, if any, the records requested has at this point in time is either

{00777636.DOC;1}

non-existent or, at best, premature. The so called "American Rule" provides that each party to a civil case bears his or her own attorney's fees. See *Alyeske Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975). A prevailing party in a civil rights action may request a reasonable attorney's fee as a part of coasts under 42 U.S.C. Sec. 1988. In this action, no party has made any request for the award of attorney's fees. Any discovery of the nature sought by Plaintiff's is therefore not proper.

Further, the request for the production of documents by the Plaintiffs by means of a Subpoena Duces Tecum is not the proper method for the production of discovery between the parties. Any such request, if any is allowed, should be by means of a document production request under Rule 34 of the Federal Rules of Civil Procedure.

Finally, the U.S. Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) gave general guidelines for calculating a reasonable attorney's fee, stating "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Helsley* also stated the "the important factor of the results obtained" is to be considered when adjusting the "lodestar" upwards or downwards. In *Farrar v. Hobby*, 506 U.S. 103 (1992) the Court stated that in some cases where the damages were purely nominal "the only reasonable fee is usually fee at all."

Regardless how the Court regards the issue of attorney's fees in civil rights cases, there is no fee application before the Court and any request by the Plaintiffs for documents or information about the defendants attorneys fees is not only improper but completely irrelevant and not the proper subject of discovery.

WHEREFORE, Defendants move the Court enter its order quashing the Notice of Deposition and Subpoena Duces Tecum, and for such other relief as the Court deems proper.

/s/ Peter J. Dunne
Peter J. Dunne   # 31482MO
Peter M. Rohrich, III # 49197MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants McCrary, Ramsey and Kestermont
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545 (Phone)
(314) 421-3144 (Fax)
dunne@pspclaw.com
rohrich@pspclaw.com

{00777636.DOC;1}

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 21st day of March, 2012 to be served by operation of the Court's electronic filing system upon the following: **Robert Herman**, Attorney for Plaintiffs, 621 North Skinker Boulevard, St. Louis, Missouri 63130; **Daniel J. Briegel** and **Benjamin Hotz**, Attorneys for Plaintiffs, 102 E. Springfield, PO Box 522, Union, Missouri 63084; **William A. Hellmich.** Attorney for Defendants City of Gerald, Otis Schulte, Brad Landwehr, Rich Johnson, David Luechtefeld Dan Maxwell, and Derrick Lewis, 2000 South Hanley Road, St. Louis, Missouri, 63144; and **Mark H. Zoole and Renee J. Waters**, Attorneys for Defendant Bill A. Jakob, 1200 South Big Bend Boulevard, St. Louis, Missouri, 63117.

              Peter J. Dunne

{00777636.DOC;1}