# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLLAND, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| *vs.* ) | Cause No. 4:08 CV 707-HEA |
| ) | **(Consolidated with** |
| CITY OF GERALD, MISSOURI, *et al.*, ) | **Cause No. 4:08 CV 713-CDP)** |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE THE BILL OF COSTS SUBMITTED BY DEFENDANTS

Plaintiffs are the prevailing party in this case. The Supreme Court has held that a judgment for damages in any amount modifies the defendant's behavior for the plaintiff's benefit, thus signifying the plaintiff as the prevailing party. *See*, *Farrar v. Hobby,* 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) ("[A] plaintiff who wins nominal damages is a prevailing party under § 1988.").

Defendants are not entitled to recover costs as a prevailing party merely because they won some of their claims. "A party is not required, however, to prevail on all claims in order to qualify as a prevailing party under Rule 54." *Shum v. Intel Corp.,* 629 F.3d 1360, 1367-68 (Fed. Cir. 2010)  *See also, Slane v. Mariah Boats, Inc.,* 164 F.3d 1065, 1068 (7th Cir. 1999)(" [Defendant] argues that the court erred in awarding costs to [Plaintiff] because [Plaintiff] did not "prevail" in the suit; rather, [Plaintiff] won two claims and [Defendant] won two. The district court correctly noted that when one party gets substantial relief it "prevails" even if it doesn't win on every claim.")

As the prevailing party, Plaintiffs enjoy the "strong presumption" that they will recover costs. *Weeks v. Samsung Heavy Industries Co., Ltd., 1*26 F.3d 926, 944-5 (7th Cir. 1997). "The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly defined – the court must award costs unless it states good reasons for denying them." *Gilbert-Mitchell v. Lappin,* 06-CV-0741-MJR, 2010 WL 1838283 (S.D. Ill. 2010).  Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs. *Weeks,* 126 F.3d at 945.

There is no rule requiring courts to apportion costs according to the relative success of the parties. *See, Kemin Foods, L.C. v. Pigmentos Vegetables Del Centro S.A. de C.V.,* 464 F.3d 1339, 1348 (Fed. Cir. 2006). ("[T]here is no rule requiring courts to apportion costs according to the relative success of the parties. In fact, apportioning costs according to the relative success of parties is appropriate only under limited circumstances, such as when the costs incurred are greatly disproportionate to the relief obtained." *Anchor Wall Sys. v. Rockwood Retaining Walls, Inc.,* 610 F.Supp.2d 998, 1024 (D. Minn. 2009) rejecting defendant's argument that each side should bear its own costs in the action because plaintiff was not successful on all of its claims.

Nor should Plaintiffs' entitlement to costs be reduced because they received an award less than requested. *Rosco, Inc. v. Mirror Lite Co.,* CV-96-5658CPS, 2009 WL 3587344 (E.D. N.Y. 2009) *aff'd,* 394 Fed. Appx. 714 (Fed. Cir. 2010)(unpublished) ("Rosco's other argument is that Mirror Lite should not be reimbursed for Chase's fees because it received an award substantially less than what it

sought. The amount of costs that can be recovered by a prevailing party is not related to the amount [of] damages awarded for infringement. The Federal Circuit has rejected this argument, noting there is no rule requiring courts to apportion costs according to the relative success of the parties," c*iting*, *Kemin Foods, at* 1348.)

Nor does the fact that Plaintiffs did not obtain a favorable ruling on all of their claims deprive them of prevailing party status. *Trading Technologies Intern., Inc. v. eSpeed, Inc.*, 750 F.Supp.2d 962, 968 (N.D. Ill. 2010)("Federal Circuit case law on this point explicitly states that a party may prevail on some issues, but not others, and still be considered the prevailing party," *citing, Kemin Foods, L.C.* at 1347).

        Respectfully submitted,
        **SCHWARTZ, HERMAN & DAVIDSON**

        By:   /s/  Robert Herman
           Robert Herman, #32376MO
           8820 Ladue Road
           Suite 201
           St. Louis, Missouri 63124
           Ph:  314/862-0200
           Fx:  314/862-3050
           e-mail:  bherman@laduelaw.com

        - and -

                          Daniel J. Briegel, #43153
                          **BRIEGEL, DAVIS & HOTZ, LLC**
                          102 E. Springfield, P.O. Box 522
                          Union, Missouri 63084
                          Ph:  636/583-6700
                          Fx:  636/584-0302
                          e-mail:  bdalaw@charter.net
                          *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on   March 30, 2012  , a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

| | |
|---|---|
| William A. Hellmich, Esq.<br>King, Krehbiel, & Hellmich, LLC<br>2000 South Hanley Road<br>St. Louis, Missouri 63144<br>Ph:  314/646-1110<br>Fx:  314/646-1122<br>e-mail:  bhellmich@kkhhb.com<br>*Attorneys for Defendants, City of Gerald, MO; Otis Schulte; Brad Landwehr, Rich Johnson; David Luechtefeld; Dan Maxwell; and, Derrick Lewis; and Defendants , Ryan McCrary, Scott Ramsey and Shannon Kestermont, in their official capacities* | Peter J. Dunne, Esq.<br>Peter Rohrich, Esq.<br>Pitzer Snodgrass, P.C.<br>100 South Fourth Street<br>Suite 400<br>St. Louis, Missouri 63102-1821<br>Ph:  314/421-5545<br>Fx:  314/421-3144<br>e-mail:  dunne@pspclaw.com<br>e-mail:  rohrich@pspclaw.com<br>*Attorneys for Defendants, Ryan McCrary, Scott Ramsey and Shannon Kestermont*<br><br>Renee Waters, Esq.<br>P.O. Box 190549<br>St. Louis, Missouri 63119<br>Ph:  314/647-1200<br>e-mail:  zoole@sbcglobal.net<br>e-mail:  renee_waters@me.com<br>*Attorney for Defendant Bill A. Jakob* |

                          By:   /s/  Robert Herman