STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLLAND, ET AL., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No.: 4:08-cv-00707-HEA |
| CITY OF GERALD, MISSOURI, ET AL., | ) |
| Defendants. | ) |

# *REPLY OF DEFENDANTS RYAN MCCRARY, SCOTT RAMSEY AND SHANNON KESTERMONT IN OPPOSITION TO PLAINTIFFS' MOTIONS AND AMENDED MOTIONS FOR AN AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES*

COME NOW Defendants Ryan McCrary, Scott Ramsey and Shannon Kestermont, and pursuant to leave granted by this Court on April 30, 2012, offer the following Reply to Plaintiffs' Response to Defendants' Memoranda in Opposition to Plaintiffs' Motions for Attorney Fees and Litigation Expenses. Plaintiffs have collectively requested attorney fees in the amount of $663,897.00 and an additional $12,485.59 for litigation expenses. For the following reasons, such requests should be denied.

Plaintiffs mistakenly contend that they are prevailing parties and therefore are entitled to an award of attorney fees. The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b), provides in relevant part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92-318 … or title VI of The Civil Rights Act of 1964 … , the court, *in its discretion*, *may allow* the prevailing party, other than United States, a reasonable attorney's fee as part of the costs, . . .

{00792992.DOC;1}

(Emphasis added). As 42 U.S.C. § 1988 indicates, Congress intended to permit an award of counsel fees only when a party has prevailed on the merits of his or her claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980).

In this case, the plaintiffs' counsel represented 29 separate plaintiffs on multiple independent claims in this matter. Each of the 29 plaintiffs brought separate claims alleging wrongful search, interrogation and/or arrest. Of the 29 plaintiffs, the claims of seven were dismissed at some point during the trial, either by motion of the defendants or voluntarily by the plaintiff themselves. Of the remaining 22 plaintiffs, defendant Shannon Kestermont received a judgment in her favor on all claims, a total of 24 claims, submitted against her at the trial. In addition, pursuant to the jury's verdict, judgment was entered in favor of defendants Ryan McCrary and Scott Ramsey on the claims of 13 of the remaining 22 plaintiffs on a total of 52 separate claims. The jury found in favor of only nine plaintiffs who obtained a judgment on any of their claims against defendants Ryan McCrary and Scott Ramsey. In fact, of these same nine plaintiffs, judgment was entered in favor of defendants Ryan McCrary and Scott Ramsey on 16 of the verdicts submitted by them.

Furthermore, despite plaintiffs' counsel's requests to the jury for an award of between $250,000 to $1,000,000 for each of the 22 plaintiffs, eight were awarded nominal damages of only $1.00 each against defendants Ryan McCrary and Scott Ramsey and one plaintiff was awarded $300.00 against defendants Ryan McCrary and Scott Ramsey. These nine plaintiffs were awarded a combined total of $11,000 in punitive damages against defendant Ryan McCrary and $11,000 in punitive damages against defendant Scott Ramsey.

The greater number, and indeed the overwhelming majority of the plaintiffs were unsuccessful in their claims against defendants Ryan McCrary and Scott Ramsey. Furthermore,

none of the nine plaintiffs that were awarded damages against defendants Ryan McCrary and Scott Ramsey received a figure in the amount of damages anywhere close to the damages that were sought by them at trial.

Despite this very limited amount of "success," plaintiffs collectively seek attorney fees that their counsel claim to have incurred in representing all of the plaintiffs. No attempt has even been made by plaintiffs' counsel to acknowledge or to eliminate any fees incurred in representing unsuccessful or dismissed plaintiffs or claims. As the Eighth Circuit held in *Perkins v. Cross*, 728 F.2d 1099 (8th Cir. 1984), no attorney fee award is warranted for the time the plaintiffs' lawyer spent on behalf of those plaintiffs whose civil rights claims were dismissed before or during trial. Furthermore, the 13 plaintiffs that had verdicts returned and judgment entered against them and in favor of defendants Ryan McCrary and Scott Ramsey cannot be by any measure viewed as prevailing parties on these claims.

With respect to the remaining eight plaintiffs that were awarded only nominal damages of $1.00 on their claims against defendants Ryan McCrary and Scott Ramsey, and plaintiff Heather Holland, who was awarded damages of $300.00 on her claim against defendants Ryan McCrary and Scott Ramsey, the plaintiffs argue that these plaintiffs qualify as prevailing parties because even nominal awards are sufficient to establish prevailing party status. However, plaintiffs do not properly consider and indeed ignore the impact of a nominal damage award. For example, plaintiffs cite to *Farrar v. Hobby*, 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) to support their contention that they are entitled to attorney fees even though they received nominal damages. However, plaintiffs fail to fully consider the Supreme Court's holding in *Farrar v. Hobby*. In *Farrar*, the Supreme Court held that a civil rights plaintiff who recovered nominal damages of only $1.00 on a claim for which $17,000,000 was sought was not entitled to any

attorney fee award under the civil rights statute. In reaching this result, the Court held that a plaintiff who received nominal civil rights damages may be a prevailing party under § 1988, but is not necessarily entitled to attorney fees because, under § 1988, prevailing parties may be awarded *reasonable* attorney fees. *Farrar v. Hobby*, 506 U.S. at 114. The Supreme Court in *Farrar* explained:

> Indeed, "the most critical factor" in determining the reasonableness of a fee award is "the degree of success obtained." [Citations omitted].

*Id*. In *Farrar,* petitioners received nominal damages instead of the $17,000,000 in damages that they sought. Here, the 22 plaintiffs each sought damages in sums between $250,000 and $1,000,000. Accordingly, the outcome here is very similar to that in *Farrar* where the Supreme Court affirmed the district court's decision not to award any attorney fees.

Plaintiffs' reliance on *Styers v. Pennsylvania*, 621 F. Supp.2d 239, 242 (M.D. Pa. 2008) is similarly misplaced. In *Styers*, the plaintiff sought $100,000 and was awarded $20,001. The district court in *Styers* specifically noted that this difference between the amount sought and the amount awarded did not represent the same difference that was present in *Farrar*. *Id*. at 242. However, the Court in *Styers* still determined that the amount of fees should be reduced due to the disparity between the damages sought and the amounted actually awarded.

Plaintiffs also mistakenly rely on *Fox v. Vice*, 131 S. Ct. 2205, 180 L.Ed.2d 45 (2011). In *Fox*, a candidate for police chief filed a state-court action against the incumbent chief and town, asserting federal and state-law causes of action. After removal, federal claims were dismissed and the remaining claims were remanded to state court. The district court granted defendants' motion for attorney fees and costs, and plaintiff appealed. The Supreme Court vacated the award and remanded holding that when a plaintiff's civil rights lawsuit involves both frivolous and non-frivolous claims, a court may grant reasonable fees to the defendant under § 1988, but only for

costs that the defendant would not have incurred but for the frivolous claims. The holding and court's analysis in *Fox* is simply not supportive of plaintiffs' position in the present case.

The Eighth Circuit has looked to Justice O'Connor's concurrence in *Farrar* to help guide it in determining whether attorney fees are warranted. *See Jones v. Lockhart,* 29 F.3d 422, 423-424 (8th Cir.1994). Justice O'Connor offered a three part analysis to determine whether the plaintiff had won merely a technical victory in a civil rights case: 1) the difference between the damages sought and the amount recovered; 2) the significance of the legal issue on which the plaintiff prevailed; and 3) any public goal or purpose the lawsuit may have served. *Farrar*, 506 U.S. at 121, 113 S.Ct. 566. Here, as discussed above, the difference between the damages sought and the amount recovered is similar to that in *Farrar* in which the Court held that attorney fees should not be awarded. Furthermore, "[w]here recovery of private damages is the purpose of … civil rights litigation, a district court, fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Riverside v. Rivera*, 477 U.S. 561, 585, 106 S.Ct. 2686, 2691, 91 L.Ed.2d 466 (1986). Here, only private monetary damages were sought by plaintiffs. Thus, the first factor is the most important.

The second factor also supports the position that attorney fees should not be awarded here. In the present case, there were no significant, unique, or novel legal issues presented by this case. The public goal or purpose addressed by the third factor is also lacking. For example, this case did not involve claims for injunctive or declaratory relief to change an established policy or procedure for the public in general. *Cf. Lowry ex rel. Crow v. Watson Chapel School District*, 540 F.3d 752, 764-766 (8th Cir. 2008) (plaintiffs received injunctions preventing defendant school from counting protest activities against plaintiffs in the school's progressive discipline system and preventing discipline of students in the future for certain activities). Here,

plaintiffs did not seek an injunction or declaratory relief that will benefit others. The defendant police officers were all fired from their jobs in Gerald after Jakob's duplicity was uncovered. Nor did the plaintiffs contend that defendants had an established policy that violated federally protected rights. Rather, this case involved the peculiar activities of one defendant, Bill Jakob, who represented himself as a federal officer, and defendants Ryan McCrary and Scott Ramsey Gerald Police Officers who, at all pertinent times, were unaware that defendant Bill Jakob was in fact not a federal officer. The conduct and actions by defendants Scott Ramsey and Ryan McCrary in the present case all occurred when they were providing genuine police support and assistance to defendant Bill Jakob. Furthermore, prior to the instigation of the present suit and independent of it, the entire situation involving Jakob and Gerald was addressed through the criminal justice system. Defendant Bill Jakob was criminally investigated and prosecuted for representing himself as a federal officer. No other defendant was charged. Thus, this civil action seeking private monetary damages was never intended to nor did it serve a public goal or purpose. Under the three-factor analysis in *Farrar*, attorney fees should not be awarded at all in this action.

As Justice O'Connor explains in her concurrence in *Farrar*, "When a plaintiff's victory is purely technical or *de minimis*, a district court need not go through the usual complexities involved in calculating attorneys' fees … As a matter of common sense and sound judicial administration, it would be wasteful indeed to require that courts laboriously and mechanically go through those steps when the *de minimis* nature of the victory makes the proper fee immediately obvious. Instead, it is enough for a court to explain why the victory is *de minimis* and announce a sensible decision to 'award low fees or no fees' at all." *Farrar*, 113 S.Ct. at 576.

Plaintiffs mistakenly rely on *Jones v. Lockhart*, *supra*, for their contention that the disparity between the damages awarded and the damages requested is no longer a critical consideration. To the contrary, the *Jones* Court considered the discrepancy between the awards and noted that the discrepancy in that case paled in comparison to the discrepancy presented in *Farrar*. As discussed above, the discrepancy in the present case is more in line with the discrepancy in *Farrar* than what occurred in *Jones*. Furthermore, it should be noted that the Eighth Circuit reversed the district court's award of $25,000 in attorney fees in *Jones*. The Eighth Circuit found that the district court abused its discretion in awarding $25,000 and concluded that an appropriate award in the action would be $10,000.

Plaintiffs do not address the presence of special circumstances that justify the denial of attorney fees. As these defendants previously suggested, this Court may, in its discretion, deny a request for attorney fees in its entirety when the request, submitted pursuant to § 1988, is so outrageously excessive it shocks the conscience of the court. *See Fair Housing Council of Greater Washington v. Landow*, 999 F.2d 92 (4th Cir. 1993). In *Fair Housing Council of Greater Washington v. Landow*, the Court found that an excessive fee request constitutes special circumstances justifying the denial of attorney fees to the prevailing party. Contrary to plaintiffs' contention, this case did not involve a sanction under Rule 11. In *Fair Housing Council of Greater Washington*, the plaintiff sought attorney fees in excess of $500,000. The district court found the request excessive and awarded $20,000. The appellate court reversed, finding that the request was excessive and that *no* attorney fees at all should be awarded. The appellate court also noted that the fee records failed to allocate the fees attributable to each claim (the plaintiff was not successful on all claims). Such is the case here.

A similar result was reached in *Brown v. Stackler*, 612 F.2d 1057 (7th Cir. 1980). The *Brown* case also did not involve a Rule 11 sanction as plaintiffs contend. In *Brown*, the appellate court held that the district court has discretion to determine the quantum of fee to be awarded. The Court further explained that where the claim for attorney fees is obviously inflated to an intolerable degree, the district court may refuse to award attorney fees to the prevailing party. The Court explained that § 1988 provides that the court in its discretion "may" allow counsel fees. The Court further noted that in appropriate occasions the word "may" sometimes means "won't." *Id*. at 1059.

Such is the exact circumstance presented here. Plaintiffs seek attorney fees in the amount of $663,897.00. The fee request includes time spent on claims of unsuccessful plaintiffs and plaintiffs who either voluntarily dismissed their claims or had their claims dismissed by the court, as well as claims of plaintiffs who were not prevailing parties. The use of block billing entries, the generic use of the term "clients" and the failure to describe in sufficient detail the nature of the activity make it impossible for either the defendants or this Court to accurately allocate the time among the dismissed plaintiffs, the plaintiffs that had judgment entered against them, and the plaintiffs that received nominal damages.

In addition, the amount of time spent, approximately 2200 hours, is simply not reasonable. As the Court in *Copeland v. Marshall*, 641 F.2d 880, (D.C. Cir. 1980) (*en banc*) explained, attorneys "should not be permitted to run up bills that are greatly disproportionate to the ultimate benefits that may reasonably be obtained." In the present case, generating attorney fees in the amount of $663,897.00 is greatly disproportionate to the benefits obtained. Furthermore, the relief requested in this case was purely monetary; no equitable relief was requested or obtained. Accordingly, the lack of success and inability of the plaintiffs to establish

anything other than nominal damages illustrate the excessiveness of the attorney fees requested. The excessiveness of the attorney fee request constitutes special circumstances and a basis for denying an award of attorney fees.

Plaintiffs ignore these issues and contend that the attorney fees should be calculated based solely on a lodestar amount.  However, in *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court held that if only partial or limited success is achieved, the product of hours reasonably expended on the litigation as a whole times a reasonably hourly rate may be an excessive amount.  The Court further noted that this is true even where the plaintiff's claims were interrelated, not frivolous, and raised in good faith.  *Id*. Congress has simply not authorized an award of fees whenever it was reasonable for a plaintiff to bring a lawsuit or whenever conscientious counsel try the case with devotion and skill.  *Id*. Rather, as the Supreme Court held in *Farrar v. Hobby*, the most critical factor in determining a reasonable attorney fee is the degree of success obtained.

As the Eighth Circuit instructed in *Marquart v. Lodge 837, Intern. Ass'n of Machinist and Aerospace Workers,* 26 F.3d 842, 850 (8th Cir. 1994), in light of the limited success of plaintiffs, it is not necessary for this Court to go through the usual complexities involved in calculating attorney fees.  Rather, under the circumstances here, it is sufficient for the court to consider the result and award no fees.  This appears particularly appropriate in this case where defendants have prevailed on a majority of the claims submitted, and some defendants have prevailed on all claims brought against them.  Alternatively, if this Court determines that a review of the specific attorney fees requested is indicated, defendants Ryan McCrary, Scott Ramsey and Shannon Kestermont contend that the amount of time recorded is simply not reasonable.  However, as discussed above and in defendants' response to plaintiffs' motions for

an award of attorney fees, the lack of detail in the descriptions concerning the activity performed, the use of block billing and the use of generic terms such as client, it is impossible for the defendants to review the records in order to determine if the recorded time relates to the dismissed claims of a plaintiff, the unsuccessful claims of a plaintiff or the claims for which only nominal damages were awarded.  Defendants were able to gleam from the billing records produced that there are some duplicative and erroneous entries, many of which plaintiffs concede.  However, the larger problem presented is that the billing records include time that was by definition spent on the numerous unsuccessful claims, and further, the format of the records prevents defendants from discerning what entries apply to specific plaintiffs or claims.  Plaintiffs cite to some district court orders in an attempt to establish that the time spent was reasonable.  However, even these orders approve time that is only a fraction of what is claimed here.

Finally, plaintiffs attempt to avoid the recent decisions cited in defendants' response concerning attorney rates found to represent the market rate in St. Louis that are much lower than that claimed by plaintiffs here by simply stating that rate approved was the amount requested by the attorney.  However, plaintiffs' argument misses the mark.  The mere fact that plaintiffs' counsel request rates much higher than that typically requested and approved by other courts in this district, establishes that the rates requested here are unreasonable.

In the present case, the nominal awards indicate that attorney fees should not be awarded at all. As discussed above, defendants were unsuccessful on the overwhelming majority of the claims brought.  In addition, plaintiffs sought damages greatly exceeding those the jury awarded.  The awards of nominal damages establish that plaintiffs were unable to establish any genuine injury or actual damage as a result of defendants' actions.  Finally, the attorney fees requested would constitute an unreasonable windfall to the attorneys, a circumstance which courts have

uniformly and consistently held is not the purpose of § 1988. As the Supreme Court stated in *Farrar*, under such circumstances, the only reasonable fee to award is no attorney fees.

Defendants respectfully suggest that a hearing on this issue is warranted to fully address the issues raised by plaintiffs' motions for an award of attorney fees and litigation expenses.

Respectfully submitted,

/s/ Peter J. Dunne
Peter J. Dunne   # 31482MO
Peter M. Rohrich, III # 49197MO
PITZER SNODGRASS, P.C.
Attorneys for Defendants McCrary, Ramsey and Kestermont
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545 (Phone)
(314) 421-3144 (Fax)
dunne@pspclaw.com
rohrich@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 2nd day of May, 2012 to be served by operation of the Court's electronic filing system upon the following: **Robert Herman**, Attorney for Plaintiffs, 621 North Skinker Boulevard, St. Louis, Missouri 63130; **Daniel J. Briegel** and **Benjamin Hotz**, Attorneys for Plaintiffs, 102 E. Springfield, PO Box 522, Union, Missouri 63084; **William A. Hellmich.** Attorney for Defendants City of Gerald, Otis Schulte, Brad Landwehr, Rich Johnson, David Luechtefeld Dan Maxwell, and Derrick Lewis, 2000 South Hanley Road, St. Louis, Missouri, 63144; and **Mark H. Zoole and Renee J. Waters**, Attorneys for Defendant Bill A. Jakob, 1200 South Big Bend Boulevard, St. Louis, Missouri, 63117.

Peter J. Dunne