# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. HOLLAND, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *vs.* | ) | Cause No. 4:08 CV 707-HEA |
| | ) | **(Consolidated with** |
| CITY OF GERALD, MISSOURI, *et al.*, | ) | **Cause No. 4:08 CV 713-CDP)** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFFS' THIRD AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

**COME NOW** Plaintiffs, by and through counsel, Robert Herman of Schwartz, Herman & Davidson, and for their renewed motion for attorney fees and costs state to the Court as follows:

1.  Plaintiffs Heather Holland, Steve Holland, Glenda Kelley-Holland, Betty Jarvis, Alex Borges, Jonathan Wright, Marie Wright, Tom Wright, Daniel Kern, Calvin Christman, Cheryl Christman, Joshua Davis, and Michael Orzech are the prevailing Plaintiffs in the above-captioned action.

2.  Prevailing Plaintiffs previously filed their Motions for Attorneys' Fees and Litigation Expenses on March 23, 2012 [Doc. 269], March 30, 2012 [Doc. 275] and supplemental motion for attorney's fees on June 13, 2012, [Doc. 299].

3.  Prevailing Plaintiffs filed their Bill of Costs [Doc. 274] on March 30, 2012.

4.  Pursuant to this Court's Order of July 19, 2012 [Doc. 302], Prevailing Plaintiffs have made further detailed review of the original attorney fee submission and

bill of costs, and have eliminated all duplicative time and, in as much detail as is possible, have designated which time and costs are applicable to individual prevailing plaintiffs, which time and costs are applicable to all prevailing plaintiffs as a whole, and which time and costs are applicable to the non-prevailing plaintiffs, the results of which are itemized in **Exhibit 1** attached hereto. and **Exhibit 1A**, attached to Prevailing Plaintiffs' Bill of Costs filed herewith.

      5.      All Plaintiffs' claims involved a common core of facts and were based on related legal theories.  Prevailing Plaintiffs' attorneys devoted the great majority of their time to the litigation as a whole, thus making it impossible to divide all hours expended on a claim-by-claim or plaintiff-by-plaintiff basis.  *See*, *Lash v. Hollis*, 525 F.3d 636, 642 (8th Cir. 2008) ("When a plaintiff has prevailed on some claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were 'distinct in all respects from his successful claims. *** Claims are related, and hence deserving of compensation, if they 'involve a common core of facts' or are 'based on related legal theories.' " (quoting *Hensley*, 461 U.S. at 435, 103 S.Ct. 1933)).  However, in an attempt to comply with this Court's Order, the attorney fee submission has been detailed according to the following procedures:

      a.      Where it was possible to specify tasks associated with an individual prevailing plaintiff, such as a meeting with that prevailing plaintiff alone or the collection of medical records specifically applicable to that plaintiff, that time is designated as applicable to the individual;

    b.    Where a single task was generally applicable to all plaintiffs and the number of plaintiffs did not impact the amount of time expended on the task, the time expended is designated as generally applicable to all prevailing plaintiffs;

    c.    Where the number of plaintiffs did impact the amount of time expended on a repetitive task, a percentage of the time expended is allocated to prevailing plaintiffs on the basis of the number of Prevailing Plaintiffs that counsel represented at the time of the task;

    d.    Where a single task was specific to a non-prevailing plaintiff, such as the collection of records for that specific non-prevailing plaintiff, a meeting or conference with that specific non-prevailing plaintiff, the preparation for and deposition of that particular non-prevailing plaintiff, it is so designated.

6.    The results of the allocation of time show the following results:

|  | Total Time | Time for Prevailing Plaintiffs | Time for Non-Prevailing Plaintiffs |
|---|---:|---:|---:|
| **Attorneys:** | | | |
| Robert Herman | 1161.7 | 1107.2 | 54.5 |
| Zachary Armfield | 29.2 | 11.2 | 18.0 |
| Paul W. Lore | 6.0 | 6.0 | 0.0 |
| Roger Goldman | 1.5 | 1.5 | 0.0 |
| **Attorney Totals:** | **1198.4** | **1125.9** | **72.5** |
| **Paralegals:** | | | |
| Sheila K. Blohm | 287.9 | 211.8 | 76.1 |
| Jamie Kalliongis | 19.1 | 9.2 | 9.9 |
| Amanda Mullaney | 36.1 | 16.6 | 19.5 |
| Peter McCall | 128.0 | 76.1 | 51.9 |
| Laura Miller | 34.2 | 31.8 | 2.4 |

| | | | |
|---|---|---|---|
| Jillian Nichols | 247.4 | 245.0 | 2.4 |
| Charley Molloy | 157.8 | 157.8 | 0.0 |
| **Paralegal Totals:** | **910.5** | **748.3** | **162.2** |

7. In compliance with this Court's order of July 19, 2012 [Doc. 302], counsel for Defendants McCrary and Ramsey have informed the Court that they spent a total of 2,188 attorney hours in defense of this case, exclusive of paralegal and administrative support. Counsel for Defendant Jakob has not yet disclosed the number of attorney hours spent in defense of the case. The total number of hours spent by the defense attorneys in this case demonstrates that the 1,125.9 hours spent by Plaintiffs' counsel in the prosecution of this case was reasonable.

8. As detailed in the previous motions filed [Docs. 269, 275, and 299] supported with affidavits from local attorneys familiar with the local market rate for attorneys and citations to awards of attorney fees made by this judicial circuit, the reasonable billing rates are: Attorneys Robert Herman and Roger Goldman at $450/Hr.; Attorney Paul W. Lore at $200/Hr.; and, Attorney Zachary Armfield at $150/Hr.; Paralegal Sheila K. Blohm at $90/Hr.; and Paralegals Jamie Kalliongis, Amanda Mullaney, Peter McCall, Laura Miller, Jillian Nichols, and Charley Molloy at $75/Hr.

9. Pursuant to *Hensley v. Eckerhardt*, 461 U.S. 424 (1983) the lodestar is:

| | Time for Prevailing Plaintiffs | | Hourly Rate | | Total |
|---|---|---|---|---|---|
| Attorneys: | | | | | |
| Robert Herman | 1107.2 | x | $450.00 | = | $498,249.00 |
| Zachary Armfield | 11.2 | x | $150.00 | = | $1,680.00 |
| Paul W. Lore | 6.0 | x | $200.00 | = | $1,200.00 |
| Roger Goldman | 1.5 | x | $450.00 | = | $675.00 |

| | | | | | |
|---|---|---|---|---|---|
| **Attorneys:** | **1125.9** | x | **RATE** | = | **$501,804.00** |
| Paralegals: | | | | | |
| Sheila K. Blohm | 211.8 | x | $90.00 | = | $19,062.00 |
| Jamie Kalliongis | 9.2 | x | $75.00 | = | $690.00 |
| Amanda Mullaney | 16.6 | x | $75.00 | = | $1,245.00 |
| Peter McCall | 76.1 | x | $75.00 | = | $5,707.50 |
| Laura Miller | 31.8 | x | $75.00 | = | $2,385.00 |
| Jillian Nichols | 245.0 | x | $75.00 | = | $18,375.00 |
| Charley Molloy | 157.8 | x | $75.00 | = | $11,835.00 |
| **Paralegals:** | **748.3** | x | **RATE** | = | **$59,299.50** |
| **GRAND TOTALS:** | **1874.2** | x | **RATE** | = | **$561,103.50** |

10.   Plaintiffs attach as **Exhibit 2** an affidavit from Prevailing Plaintiff Alex Borges in support of counsel's application for attorney fees. Prevailing Plaintiffs all stress that the reason for engaging in this suit was to prosecute the violation of their constitutional rights and send a message to the City Fathers of the City of Gerald. They acknowledge that counsel did not promise them any great financial reward, nor did they expect such. Prevailing Plaintiffs are satisfied that they were vindicated by the results of this suit. Prevailing Plaintiffs support the fee application made by Plaintiffs' counsel.

**WHEREFORE,** Prevailing Plaintiffs pray this Court grant their Motion for Award of Attorneys' Fees in the amount of $561,103.50, and Litigation Expenses in the amount of $10,737.61.

                      Respectfully submitted,

                      **SCHWARTZ, HERMAN & DAVIDSON**

                      By:   /s/  Robert Herman
                            Robert Herman, #32376MO
                            8820 Ladue Road
                            Suite 201
                            St. Louis, Missouri 63124
                            Ph:  314/862-0200
                            Fx:  314/862-3050
                            e-mail:  bherman@laduelaw.com
                            *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on   August 9, 2012  , a true and correct copy of the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following counsel of record:

| | |
|---|---|
| William A. Hellmich, Esq.<br>King, Krehbiel, & Hellmich, LLC<br>2000 South Hanley Road<br>St. Louis, Missouri 63144<br>Ph:  314/646-1110<br>Fx:  314/646-1122<br>e-mail:  bhellmich@kkhhb.com<br>*Attorneys for Defendants, City of Gerald, MO; Otis Schulte; Brad Landwehr, Rich Johnson; David Luechtefeld; Dan Maxwell; and, Derrick Lewis; and Defendants , Ryan McCrary, Scott Ramsey and Shannon Kestermont, in their official capacities* | Peter J. Dunne, Esq.<br>Peter Rohrich, Esq.<br>Pitzer Snodgrass, P.C.<br>100 South Fourth Street<br>Suite 400<br>St. Louis, Missouri 63102-1821<br>Ph:  314/421-5545<br>Fx:  314/421-3144<br>e-mail:  dunne@pspclaw.com<br>e-mail:  rohrich@pspclaw.com<br>*Attorneys for Defendants, Ryan McCrary, Scott Ramsey and Shannon Kestermont*<br><br>Renee Waters, Esq.<br>P.O. Box 190549<br>St. Louis, Missouri 63119<br>Ph:  314/647-1200<br>e-mail:  zoole@sbcglobal.net<br>e-mail:  renee_waters@me.com<br>*Attorney for Defendant Bill A. Jakob* |

                                            By:    /s/  Robert Herman