UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL J. HOLLAND, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No.   4:08CV707  HEA |
| ) | |
| CITY OF GERALD, MISSOURI, et al, ) | |
| ) | |
| Defendants. ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Third Amended Motion for Award of Attorneys' Fees and Litigation Expenses, [Doc. No. 306], pursuant to 42 U.S.C. § 1988 and Plaintiffs' Bill of Costs, [Doc. No. 307].  Defendants oppose the Motions.  For the reasons set forth below, the Motion for Attorneys' Fees is granted in part; the Motion for Costs is granted.

### **Facts and Background**

Plaintiffs Heather Holland, Steve Holland, Glenda Kelley-Holland, Betty Jarvis, Alex Borges, Jonathan Wright, Marie Wright, Thomas Wright, Daniel Kern, Calvin Christman, Cheryl Christman, Joshua Davis, and Michael Orzech claim attorneys' fees in this action as "prevailing parties."  Plaintiffs seek an award of attorneys' fees in the amount of $561,103.50 and expenses in the amount of $10,737.61. Defendants  challenge the amount of fees and expenses.

Originally, the number of Plaintiffs in this case was 29, for multiple claims.

Seven Plaintiffs dismissed their claims prior to or during trial. Of the remaining 22 Plaintiffs, nine Plaintiffs received judgments against Defendants Jakob, McCreary and Ramsey. Four Plaintiffs obtained judgments solely against Defendant Jakob. None of the Plaintiffs received a judgment against Defendant Kestermont, and the Court granted Defendant City of Gerald's Motion for Judgment as a matter of law. With respect to the judgments against said Defendants, Plaintiff Heather Holland was awarded $300.00 each, against Defendants Jakob, McCrary and Ramsey in compensatory damages. She received punitive damages of $1,000.00, each against Defendants Jakob, McCrary and Ramsey. Plaintiffs Steve Holland received compensatory damages against Defendants Jakob, McCrary and Ramsey in the amount of $1.00; punitive damages in the amount of $2,000.00. Plaintiff Glenda Kelley-Holland was awarded compensatory damages in the amount of $1.00 and punitive damages in the amount of $1,000.00 against Defendants Jakob, McCrary and Ramsey. Plaintiff Josh Davis was awarded each $250.00 compensatory damages and $3,000.00 punitive damages against Defendant Jakob. Plaintiff Alex Borges was awarded compensatory damages against Defendants Jakob, McCrary and Ramsey in the amount of $1.00, each, and punitive damages against these Defendants as follows: $2,000.00 against Defendant Jakob and $1,000.00 each as to Defendants Ramsey and McCrary. Plaintiff Orzech was awarded $1.00 compensatory damages

against Defendants Jakob, McCrary and Ramsey, and punitive damages against each of these defendants in the amount of $1,000.00. Plaintiff Kern was awarded $250.00 compensatory damages and $1,000.00 punitive damages against Defendant Jakob. Plaintiffs Calvin and Cheryl Christman were each awarded $250.00 compensatory and $1,000.00 punitive damages against Defendant Jakob. Plaintiff Betty Jarvis was awarded $1.00 compensatory damages against each of the following Defendants: Jakob, McCrary and Ramsey. She was awarded punitive damages against these defendants in the amount of $2,000.00, each. Plaintiffs Jonathan, Marie and Thomas Wright were each awarded $1.00 compensatory damages against Defendants Jakob, McCrary and Ramsey, each, and punitive damages each in the amount of $1,000.00.

## Discussion

Attorneys' Fees

Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ( quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir.1978)). A plaintiff "prevails ... when actual relief on the merits of his claim materially alters the legal

relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Lefemine v. Wideman*, 133 S.Ct. 9, 11 (2012) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)).

"Litigants may recover attorneys' fees if specifically authorized by contract or statute." *Van Vosdingh v. Qwest Dex, Inc.*, No. 03–4284, 2005 U.S. Dist. LEXIS 20519, at *4 (D.Minn. Sept. 19, 2005) (internal citation omitted). Pursuant to 42 U.S.C. § 1988(b), a district court may award attorneys' fees to a prevailing party in a lawsuit brought to enforce 42 U.S.C. § 1983. *Fisher v. Wal–Mart Stores, Inc.*, 619 F.3d 811, 818 (8th Cir.2010). "Congress enacted § 1988 to encourage enforcement of civil rights laws, like § 1983, through lawsuits by private parties." *El–Tabech v. Clarke*, 616 F.3d 834, 839 (8th Cir.2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 283 n. 6 (1989)). The party seeking attorneys' fees " 'bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' " *El–Tabech,* 616 F.3d at 842 (citing *Hensley* v. 461 U.S. at 437.

A district court has "broad discretion" in determining the amount of an attorneys' fee award. *Keslar v. Bartu*, 201 F.3d 1016, 1017 (8th Cir.2000).  The trial court is considered an expert in the reasonableness of attorneys' fees. *Trim Fit, LLC v. Dickey*, No. 4:06–CV–49, 2008 U.S. Dist. LEXIS 101091, at *19 (E.D.Mo. Nov. 6, 2008).

The Court notes again that only nine Plaintiffs were successful on some of their claims submitted to the jury. No Plaintiff was successful on any claims against Defendant Kestermont, and the City of Gerald was granted judgment by the Court. Plaintiffs asked for the jury to award "substantial damages". The jury, however, awarded some Plaintiffs only one dollar ($1.00) in nominal damages. Other Plaintiffs were awarded small compensatory damage amounts. Albeit, the jury awarded some Plaintiffs punitive damages, these damage awards were not "substantial."

Because the claims of the Plaintiffs were interrelated a reduction in fees on that basis is not necessarily mandated. See *Hensley*, 461 U.S. at 435 (where the plaintiff's various claims involve a common core of facts or related legal issues, such that much of the attorney's time is devoted generally to the litigation as a whole, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."); *Burks v. Siemens Energy & Automation, Inc.*, 215 F.3d 880, 883 (8th Cir.2000) (in determining a fee award, the trial court must consider the interrelatedness of the various claims where some claims were successful and some were not).

Thus, Plaintiffs receiving the damages, arguably, were the prevailing parties with respect to those claims. The Court evaluates Plaintiffs' success on

these claims as part of its attorney's fee award determination. "In evaluating the reasonableness of the attorneys' fees, the most important factor is the magnitude of Plaintiffs' success in the case as a whole." *Vosdingh v. Qwest Dex, Inc.*, No. 03–4284, 2005 U.S. Dist. LEXIS 20519, at *7 (D.Minn. Sept. 19, 2005) (citing *Hensley*, 461 U.S. at 436). The Court, however, notes that "a plaintiff's success in a civil rights case can be measured only in part by monetary success. As such, dramatic reductions in fee awards are not always required simply because the actual damage award is small or nominal." *Lash v. Hollis*, 525 F.3d 636, 642–643 (8th Cir.2008).

Nonetheless, the Court cannot ignore that the jury found in favor of Defendants on several claims, it awarded nominal damages on several claims and awarded very low damages on the remaining compensatory damages, even though Plaintiffs sought tens of thousands of dollars in damages. *Burks*, 215 F.3d at 882–83 (" 'Although the "technical" nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the "degree of success" inquiry].' " (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992))). Plaintiff's counsel clearly had mixed results. Plaintiff's counsel successfully obtained a jury verdict but was awarded only nominal and minimal damages. Thus, even though the jury found in favor of some Plaintiffs, the jury refused to award anywhere near complete relief

to Plaintiffs that were awarded damages, and no relief for some. Although the Court is mindful that Plaintiffs' counsel would probably have expended a significant amount of time had those Plaintiffs who were dismissed not been Plaintiffs in the beginning, the Court cannot overcome its belief that the fewer the Plaintiffs, the less time required on the entire case. Likewise, the Court cannot reasonably conclude that because Plaintiffs' counsel was successful on the claims of nine Plaintiffs, counsel should recover for those Plaintiffs who were not "prevailing parties."

Given the circumstances outlined herein, the Court finds that a sixty (60) percent reduction in Plaintiffs' fee proposal is appropriate. See *Hensley*, 461 U.S. at 436–37(upon finding a reduction for hours related to pursuing unsuccessful claims is warranted, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success[, and] the court necessarily has discretion in making this equitable judgment"); *Burks*, 215 F.3d at 883 (an attorneys' fee award of 25% of that which was requested was reasonable given the "relative interrelatedness of the various claims, the lack of specificity in the billing statements, and the degree of success achieved on the claims on which [plaintiffs] prevailed"); *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 905 (9th Cir.1995) ("a district court does not abuse its discretion when it resorts to a mathematical formula, even a crude

one, to reduce the fee award to account for limited success")(applying *Hensley*, 461 U.S. at 440).

Because Section 1988 does not define the term "reasonable attorney's fee," courts have adopted the "lodestar approach"—the "guiding light of ... fee-shifting jurisprudence"—in making that determination. *Ladd v. Pickering*, 783 F.Supp.2d 1079, 1090 (E.D.Mo.2011) ( quoting *Perdue v. Kenny A. ex rel Winn*, 599 U.S. 542, 130 S.Ct. 1662, 1672 (2010)).  This well-established standard for assessing attorneys' fees determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate.  *Hensley*, 461 U.S. at 433–34.  The district court may, in its discretion, exclude hours not reasonably spent on the matter from the lodestar calculation.  *Keslar v. Bartu*, 201 F.3d 1016, 1018 (8th Cir.2000).  The lodestar approach provides an "initial estimate" of the appropriate amount to award that is strongly presumed to represent a reasonable fee. *Perdue,* 130 S.Ct. at 1673.

"As a general rule, a reasonable hourly rate is the prevailing market rate, that is, 'the ordinary rate for similar work in the community where the case has been litigated." *Moysis v. DTG Datanet*, 278 F.3d 819, 828–829 (8th Cir.2002).  The relevant legal market in this case is St Louis, Missouri.  In determining whether a fee is reasonable, "the special skill and experience of counsel should be reflected in the reasonableness of the hourly rates." *Hendrickson v. Branstad*, 934 F.2d 158,

164 (8th Cir.1991) (internal quotations and citations omitted).  In this case, Plaintiffs brought claims against a Federal officer imposter and those with whom he collaborated in violating Plaintiffs' civil rights.  Attorney Herman has requested $450.00 per hour for himself and Roger Goldman.  Attorney Paul W. Lore's hourly rate is $200.00 per hour.  Attorney Zachary Armfield charged $150.00 per hour.  Paralegal rates were charged as follows: Sheila K. Bloom-$90.00 per hour; Jamie Kalliongis Amanda Mullaney, Peter McCall, Laura Miller, Jillian Nichols, and Charley Molloy-&75.00 per hour.  Attorneys Herman and Goldman have expertise and extensive years of experience in civil rights litigation, a factor in support of higher fees. Further support is supplied in the form of attorney affidavits and the Court's review of published records of billing rates for Missouri attorneys.  See "Billing Rates 2012," Missouri Lawyers Weekly (August 6, 2012).  Based on these factors, the Court concludes that the requested hourly rates are reasonable. Mr. Herman has submitted detailed billing records for his activities in connection with this case.

Non-prevailing defendants are generally held jointly and severally liable for attorneys' fees and costs, regardless of an individual defendant's degree of culpability. *Tussey v. ABB, Inc*., 2012 WL 5386033, *6 (W.D.Mo. Nov. 2, 2012) (citations omitted).  This is especially true where a plaintiff's claims against multiple defendants are "extremely inter-related, arising out of the same transaction

or occurrence or series of occurrences and sharing common questions of law and fact." *Id.* ( quoting *Walter v. Clarion Mortg. Capital, Inc.*, 2010 WL 1170136, *2 (W.D.Mo. Mar. 23, 2010)).

Plaintiffs request the total amount of the fee award is $561,103.500. This amount, reduced by sixty percent, as discussed *supra*, is: $206,441.40.

Costs

Plaintiffs have submitted a Second Bill of Costs which totals $10,737.61. "[T]he district court has substantial discretion in awarding costs to a prevailing party." *Greaser v. Department of Corrections*, 145 F.3d 979, 985 (8th Cir.1998). "Reasons for reducing or denying an award of costs include a nominal victory by the prevailing party, and a disproportionate relationship between the taxable costs of the litigation and the result achieved." *Hall v. Hormel Foods Corp.*, 2000 U.S. Dist. LEXIS 22935, at *2–3 (D.Neb. July 10, 2000).

Included within this Bill of Costs are "other costs," including travel expenses. Ordinarily, such costs are not recoverable under 28 U.S.C. § 1920. But the authority to award such expenses does not come from Section 1920; rather, it comes from Section 1988. *See, e.g., Jenkins v. Kan. City Mo. Sch. Dist.,* 525 F.3d 682, 682 n. 1 (8th Cir.2008) ("travel expenses and other out-of-pocket expenses that a law firm normally would bill to its client are more properly characterized as part of an attorney fee award" under Section 1988 than costs under Section 1920);

*Pinkham v. Camex, Inc.,* 84 F.3d 292, 294–95 (8th Cir.1996) ( *per curiam* ) (same)

Accordingly, Plaintiffs are entitled to recover $10,737.61.

Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Third Amended Motion for Award of Attorneys' Fees and Litigation Expenses, [Doc. No. 306], is granted in part.

IT IS FURTHER ORDERED that Plaintiffs are awarded attorneys' fees in the amount of $206,441.40 and costs in the amount of $10,737.61.

Dated this 18th day of April, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE